UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:08-CV-38-R

*(Electronically Filed)*

MARLON JOHNSON,                                                                PLAINTIFF

**DEFENDANTS' REPSPONSE TO**
v.                       **PLAINTIFF'S MOTION IN LIMINE**

WILLIAM BAKER, et al.                                                 DEFENDANTS

      The defendants, William Baker, Brandon Bryan, Brandon Herrington and Rodney Seiler, for their response to the plaintiff's motion in limine, state as follows:

## **INTRODUCTION**

      Marlon Johnson ("Johnson"), in his motion in limine, moves this court to exclude evidence of his prior and subsequent arrests, convictions and imprisonments, and his use of illegal drugs. Johnson offers no legal authority in support of his motion. He simply makes an unsupported assertion that the evidence is irrelevant, not material, and highly prejudicial. Johnson also moves the court to strike Defendant Brandon Bryan's statements about the nature of the criminal charges against him from the record. Johnson claims that Bryan is not qualified to testify about the elements of criminal charges.

      Federal Rules of Evidence 404(b), 608(b), and 609 allow for all prior convictions, drug/alcohol abuse, and arrests of the plaintiff to be admitted into evidence. Also, Bryan

is clearly qualified to testify in the manner that he did, due to his status and experience as a law enforcement official.

## ARGUMENT

**1. Evidence of prior convictions for drug and alcohol use, assault, and arrests are admissible under rule 404(b).**

Federal Rule of Evidence 404(a) creates a ban on the use of character evidence to show propensity of the witness to do an action. *See* Fed. R. Evid. 404(a). However, rule 404(b) creates an exception to that rule. Rule 404(b), in pertinent part, states:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident…

Fed. R. Evid. 404(b). In order to satisfy the rule, a party wishing to offer evidence of "other acts" must show that the evidence is probative of a material issue other than character. **U.S. v. Hardy**, 228 F.3d 745 (6th Cir. 2000) (citing **Huddleston v. United States**, 485 U.S. 681, 686, 108 S.Ct. 496, 1499, 99 L.Ed.2d 771 (1988)).

While there is no 6th Circuit case on point, several other circuits have held that evidence of a plaintiff's prior arrests, convictions, and drug use is admissible in cases where there is a claim of excessive use of force by a law enforcement official. *See generally Senra v. Cunningham*, 9 F.3d 168 (1st Cir. 1993); *Lewis v. District of Columbia*, 793 F.2d 361 (D.C. Cir. 1986); *West v. Love*, 776 F.2d 170 (7th Cir. 1985).

In *Senra v. Cunningham* the court held that evidence of a plaintiff's having previously been arrested for domestic disturbances, caused by his drunken and violent

conduct was admissible to show the reasonableness of officers' response. *Senra v. Cunningham*, 9 F.3d at 172. Similarly, in *Lewis v. District of Columbia* the court ruled that admission of the plaintiff's prior drug use was admissible because it may have accounted for some of the plaintiff's injuries. *Lewis v. District of Columbia*, 793 F.2d at 363.

In this case evidence of Johnson's previous acts of assault, be they arrests or convictions, are clearly relevant to his excessive force claim. The reasonableness of the force used by the defendants' in this case is directly related to Johnson's actions and demeanor. His previous acts of assault and violence give insight into his violent behavior and outbursts, how he acts during these outbursts, and will shed light on the reasonableness of defendants' response on March 14, 2007, just as in *Senra*.

Along the same lines, evidence of plaintiff's prior drug and alcohol abuse is relevant to the case. Alcohol and drugs clearly effects the way a person acts. The existence of drugs or alcohol in this case makes it more probable than not that the actions by the plaintiff were unreasonable, and therefore the defendants were justified in their response.  Plus, there is an issue of whether the current incident involved alcohol or drugs. The police report from the current incident indicates that the plaintiff may have been under the influence of alcohol. Proof of prior drug and alcohol abuse makes the fact that plaintiff was intoxicated at this time more probable than not.

Federal Rule of Evidence 404(b) "is actually a rule of inclusion rather than exclusion…" **United States v. Blankenship**, 775 F.2d 735, 739 (6th Cir. 1985).  The fact that the evidence is relevant and related to a material issue in the case calls for inclusion

448045v1                                                      3

of the evidence. The evidence is highly probative for the purposes of discussing the reasonableness of the defendants' response, as well as whether the defendants "assaulted" the plaintiff. Also, once evidence has been deemed admissible under rule 404(b), the court must fashion an appropriate instruction to the jury. *See **U.S. v. Bell***, 516 F.3d 432, 441 (6th Cir. 2008). The only prejudice which would come from the admission of this evidence can easily be overcome with proper instruction from the court. Therefore the prejudicial effects of this evidence do not *substantially* outweigh its probative value.

Since the prior arrests and the drug habits of the plaintiff will not be offered to show propensity of the plaintiff to act violently, and they are relevant to material issues in the case, they are admissible under Federal Rule of Evidence 404(b).

**2. Evidence of plaintiff's prior convictions is admissible under Federal Rule of Evidence 609.**

Federal Rule of Evidence 609(a)(1) allows for the admission of prior convictions of a witness into evidence, for the purposes of impeaching their character for truthfulness. *See* Fed. R. Evid. 609(a)(1). Rule 609(a)(1), in pertinent part, states:

> [E]vidence that a witness other than an accused has been convicted of a crime shall be admitted, subject to Rule 403, if the crime was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted, and evidence that an accused has been convicted of such a crime shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused

Fed. R. Evid. 609(a)(1). Rule 609(b) imposes an age limitation of 10 years from the date of the conviction, or the release of the witness from custody. Fed. R. Evid. 609(b).

Finally, Rule 609(a)(2) allows the admission of *any* conviction for any type of crime, so long as an element of that crime was untruthfulness. *See* Fed. R. Evid. 609(a)(2).

The U.S. Supreme Court held in ***Green v. Bock Laundry Mach. Co.,*** 490 U.S. 504, 109 S.Ct. 1981, 104 L.Ed.2d 557 (1989) that Rule 609(a) requires a court to admit evidence of a witness's prior convictions regardless of the potential prejudice. ***Green v. Bock Laundry Mach. Co.,*** 490 U.S. at 525-26, 109 S.Ct. at 1993-94, 104 L.Ed.2d 557 (1989). However, as the court in ***Doe v. Sullivan County, Tenn.***, 956 F.2d 545 (6th Cir. 1992) stated, the extent to which a court allows in the circumstances and facts surrounding the conviction is determined in the discretion of the court. ***Doe v. Sullivan County, Tenn.***, 956 F.2d at 551. In ***Doe*** the court ultimately allowed in evidence of the defendant's prior criminal convictions, but did not allow in evidence of the circumstances surrounding the convictions.

In the case of ***U.S. v. Moore***, 917 F.2d 215 (6th Cir. 1990) the court ruled that the a defendant's prior conviction for armed robbery was admissible in a trial for a subsequent armed robbery when the prior conviction weighed greatly on the credibility of the defendant and that credibility was "very much in contention." ***U.S. v. Moore***, 917 F.2d at 235. In ***Moore*** the court lays out several factors a court can look to when deciding whether or not to allow in evidence of a prior conviction. These factors are: 1) The impeachment value of the prior crime; 2) The point in time of the conviction and the witness' subsequent history; 3) The similarity between the past crime and the charged crime; 4) The importance of the defendant's testimony; and 5) The centrality of the credibility issue. ***Id.***

From the case law, Johnson's convictions are clearly admissible under rule 609. His oldest felony conviction took place in 1998. However, he was not released from his sentence until after 1999. This makes his oldest felony conviction clearly within the time frame allowed by rule 609. Therefore all of plaintiff's prior felony convictions are admissible under rule 609(b).

Also, Johnson's credibility is very much at issue in this case, as was the defendant's in *U.S. v. Moore*. There is a conflict in the description of the March 14, 2007 incident, between Johnson and the defendants. Who a jury views as more credible is going to greatly influence the outcome of the case. The impeachment value of plaintiff's prior felony convictions is extremely high. As such, the convictions are admissible under Federal Rule of Evidence 609.

3. **Defendants have the ability to inquire into any specific conduct on cross-examination under F.R.E. 608(b).**

Federal Rule of Evidence 608(2) allows a party to question a witness about any prior bad acts they may have performed, so long as those bad acts relate to the witness's character for truthfulness and the purpose of the question is to impeach the character of the witness. *See* Fed. R. Evid 608(b). There is no requirement in the rule that the "specific instance of conduct" be a prior conviction. The rule however does not allow proof of the bad act by way of extrinsic evidence. *Id.* Thus, "counsel are 'stuck with' the response given on cross-examination." *United States v. Frost,* 914 F.2d 756, 767 (6th Cir. 1990).

In this case, defendants should be allowed to at least inquire into any of the plaintiff's prior actions so long as they relate to plaintiff's character for truthfulness. For

example, there are several instances where plaintiff was arrested for giving an officer a false name or address. The fact that these cases were ultimately dismissed, or plaintiff was acquitted, is of no consequence. *See* **Dowling v. U.S.**, 493 U.S. 342, 110 S. Ct. 668, 107 L. Ed. 2d 708 (1990). These arrests clearly go to the truthfulness of the plaintiff.

Without going into other specific examples of conduct by the plaintiff, it is clear that defendants should at least be able to cross-examine Johnson about his prior bad acts, which go to his character for truthfulness. Johnson is protected from prejudice from the inquiry by the fact that the defendants are held to whatever answers he gives. Again, Johnson's character for truthfulness and credibility are major issues in this case. Any specific bad acts will be probative of Johnson's credibility. Therefore, the defendants should be allowed to question him about any specific instances of conduct concerned with his character for truthfulness.

  4. **Brandon Bryan's statements should not be stricken from the record because he is a law enforcement official.**

Although not clear exactly what Johnson seeks to strike from the record, it appears that he is arguing that Brandon Bryan's statements concerning Johnson's arrest for criminal trespass should be stricken from the record, because he is not qualified to testify about the elements of criminal charges. However, deputy jailer Brandon Bryan, like a police officer, was engaged in *law enforcement*.

Jailers, like police officers, are arms of the executive branch. Their purpose is to uphold the laws of the state. A police officer upholds the law on the street, while a jailer upholds the law in halls of a prison. A jailer understands the different types of charges

that may be applicable in a certain situation, as well as the different factors that effect those charges. A jailer views the "rap sheets" of the individuals incarcerated in their jail, they have frequent contact with law enforcement officials, and they go through rigorous training just like police officers. Clearly, Bryan is qualified to comment on the criminal charges for which Johnson was arrested and transported to the Jail on March 14, 2007. Therefore, those statements should not be stricken from the record.

## CONCLUSION

For the foregoing reasons, the defendants respectfully request that the Court enter the attached order, denying the plaintiff's motion in limine.

This 8th day of July, 2009.

> ENGLISH, LUCAS, PRIEST & OWSLEY, LLP
> 1101 College Street; P.O. Box 770
> Bowling Green, KY 42102-0770
> Telephone: (270) 781-6500
> Facsimile: (270) 782-7782
> e-mail: mmcgill@elpolaw.com
> buzz@elpolaw.com
>
> /s/ Matt McGill
> CHARLES E. ENGLISH, JR.
> MATT McGILL
>
> *Attorneys for defendants Baker, Bryan, Herrington and Seiler*

## CERTIFICATE OF SERVICE

I hereby certify that this July 8, 2009, I electronically filed the foregoing with the Clerk of the Court, by using the CM/ECF System, and to certify that a true and correct copy of the foregoing response to plaintiff's motion in limine has this July 8, 2009, been served by e-mail upon the following:

Stephen P. Imhoff
spimhoff@bellsouth.net

W. Kenneth Nevitt
kennevitt@hotmail.com

Bobby H. Richardson
bhr@rgba-law.com

John Gardner
jbg@rgba-law.com

/s/ Matt McGill
Matt McGill