UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CASE NO. 1:08-CV-38-R

MARLON JOHNSON                                                                            PLAINTIFF

v.

WILLIAM BAKER, et al.                                                                    DEFENDANTS

### MEMORANDUM OPINION

This matter comes before the Court on Defendants William Baker, Brandon Bryan, Brandon Herrington, Rodney Seiler, and Tom Hurst's Motion for Summary Judgment (Docket #11). Plaintiff Marlon Johnson has responded (Docket #14). Defendants have replied (Docket #16). This matter is ripe for adjudication. For the reasons that follow, Defendants' motion is DENIED.

### BACKGROUND

This case arises out of an incident occurring at the Warren County Regional Jail on March 14, 2007. Defendants were jailers working at the time of the incident. Plaintiff Marlon Johnson was brought to the jail after being arrested for criminal trespass. Under Defendants' version of the facts Plaintiff was verbally abusive, combative, and physically resistant at the time he was brought to the jail. Defendants used physical force against Plaintiff, including the use of a taser, but Defendants argue that such force was reasonable under the circumstances given Plaintiff's actions. According to Plaintiff, he never resisted arrest, refused to cooperate, hit, kicked, or threatened any Defendant in any way. Defendants also state that Plaintiff told one Defendant that "your time is coming." Plaintiff denies ever making this statement.

Based on that statement, Defendants filed a citation against Plaintiff for making terroristic threats. In addition, Defendants filed a citation against Plaintiff for assaulting a corrections officer

based on Plaintiff's resisting, being physically combative, kicking a deputy, and cutting a deputy with his handcuffs. Based on Defendants' testimony, Plaintiff was indicted by a grand jury on those charges. Plaintiff was subsequently acquitted of the charges after a jury trial.

Plaintiff filed this action against Defendants for malicious prosecution, assault and battery, and use of excessive force. Defendants have moved for summary judgment, arguing that Plaintiff has failed to present significant probative evidence that would prevent Defendants from being entitled to judgment as a matter of law.

## STANDARD

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact." *Street v. J. C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). The test is whether the party bearing the burden of proof has presented a jury question as to each element in the case. *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996). The plaintiff must present more than a mere scintilla of evidence in support of his position; the plaintiff must present evidence on which the trier of fact could reasonably find for the plaintiff. *See id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). Mere speculation will not suffice to defeat a motion for summary judgment: "the mere existence of a colorable factual dispute will not defeat a properly supported motion for

summary judgment. A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." *Moinette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1177 (6th Cir. 1996).

## DISCUSSION

Certain facts in this case are not in dispute. Plaintiff was arrested on March 14, 2007, and was taken to the Warren County jail. Defendants admit to using some amount of force against Plaintiff. Plaintiff was prosecuted for assaulting a corrections officer and making terroristic threats, and was ultimately acquitted of those charges.

However, there is a dispute as to Plaintiff's actions on March 14, 2007. Defendants contend that Plaintiff was aggressive and noncompliant, and therefore the force used against Plaintiff was reasonable and necessary. Plaintiff, on the other hand, contends that he was not combative or resistant. Taking all evidence in the light most favorable to Plaintiff, the Court finds that there is a genuine issue of material fact that must be resolved by a jury after hearing all of the relevant evidence.

Defendants argue that Plaintiff has provided no evidence other that his own conclusory allegations. However, Plaintiff's allegations are not conclusory. Plaintiff's affidavit and deposition testimony set forth specific facts concerning the events leading to this action. Defendants appear to request that the Court make a determination as to the credibility of Plaintiff's allegations, which is inappropriate in a motion for summary judgment.

Defendants raise various legal arguments in support of their motion for summary judgment. They argue that they are entitled to qualified immunity, and that their use of force was reasonably related to the jail's interest in maintaining security which precludes an excessive force claim and an

assault and battery claim. However, all of Defendants' arguments for summary judgment require that the Court first disbelieve Plaintiff's testimony that he did not resist arrest or refuse to cooperate. As such, the Court cannot grant Defendants judgment as a matter of law.

Defendants also argue that they are entitled to summary judgment because they have an expert witness who will testify that Defendants used reasonable force, and that Plaintiff does not have any expert witnesses. The Court is unpersuaded by Defendants' analysis for two reasons. First, Defendants' expert based his opinion on Defendants' version of the facts, rather than Plaintiff's version. As discussed above, summary judgment is not appropriate when it requires a finding that the moving party's evidence is more credible than the non-moving party's evidence. Additionally, while there may be situations were expert testimony would be helpful to a jury in deciding whether the force used by a corrections officer is reasonable or excessive, the Court is not convinced that an expert witness is required for a plaintiff to prove that a defendant used excessive force. In this particular case, the Court's conclusion concerning the necessity of expert testimony is supported by Plaintiff's testimony that he never resisted arrest or refused to cooperate. It is easily within the competence of a jury to determine whether the force used on a compliant subject is excessive.

As for Plaintiff's malicious prosecution claim, Defendants argue that they are entitled to judgment as a matter of law because they did not institute the proceedings against Plaintiff, and that there was probable cause supporting the prosecution. Among the elements required for a malicious prosecution claim under Kentucky law are: "(1) that the defendant was the proximate and efficient cause of putting the law in motion against the plaintiff; (2) that he did so maliciously; and (3) without probable cause." *Cravens v. Long*, 257 S.W.2d 548, 549 (Ky. 1953). An action for

malicious prosecution under federal law "fails when there was probable cause to prosecute, or when the defendant did not make, influence, or participate in the decision to prosecute." *Fox v. DeSoto*, 489 F.3d 227, 237 (6th Cir. 2007).

Defendants first argue that it was there was probable cause to prosecute Plaintiff for assault and making terroristic threats. However, such probable cause exists only if the Court credits Defendants' testimony as true, and disbelieves Plaintiff's testimony. According to Plaintiff, he did not assault the officers, nor did he make any threats. If the jury believes Plaintiff's testimony, then it would be reasonable for the jury to conclude that no probable cause existed to prosecute Plaintiff.

Defendants also argue that they did not participate in the decision to prosecute Plaintiff. Defendants believe that they merely filled out two citations against Plaintiff, and that it was the Commonwealth Attorney's Office that made the decision to prosecute Plaintiff. The Court disagrees with Defendant's characterization of the effect of the citations.

A reasonable jury could find that the citations were the proximate cause that put the law into motion against Plaintiff. This conclusion is also supported by Plaintiff's testimony that a Defendant told Plaintiff that charges were being filed against him, and that he would be going to prison. Furthermore, the citations are evidence that Defendant's at least influenced the decision to prosecute Plaintiff. Therefore, Defendants are not entitled to summary judgment as to Plaintiff's malicious prosecution claim.

In summary, there is a genuine issue of material fact regarding whether Plaintiff resisted, refused to cooperate, hit, kicked, or threatened Defendants. It is a jury, and not the Court, that must make the credibility determinations necessary to resolve this issue. Therefore, summary judgment is not appropriate.

## CONCLUSION

For these reasons, Defendants' Motion for Summary Judgment is DENIED.

An appropriate order shall issue.