UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LEXINGTON
CIVIL ACTION NO. 1:08-CV-38-R

MARLON JOHNSON                                                                PLAINTIFF

VS.

WILLIAM BAKER, BRANDON BRYAN,                          DEFENDANTS
BRANDON HERRINGTON, TOMMY HURST,
 AND RODNEY SEILER

**PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE TO
 PLAINTIFF'S FIRST MOTION IN LIMINE**

Comes now the Plaintiff, by Counsel, and hereby submits his Reply to Defendants' Response to Plaintiff's First Motion in Limine.

Respectfully submitted,

 /s/  W. KENNETH NEVITT
 W. KENNETH NEVITT
 NEVITT LAW OFFICE
 Counsel for Plaintiff
 2843 Brownsboro Road, Suite 206
 Louisville, KY  40206
 Telephone: (502) 895-2454
 Facsimile:  (502) 896-2454
 e-mail: kennevitt@hotmail.com
 Co-Counsel for Plaintiff

 /s/ Stephen P. Imhoff
 Stephen P. Imhoff
 2843 Brownsboro Rd., Suite 101
 Louisville, KY 40206
 Telephone: (502) 899-2414
 Facsimile:  (502) 899-2415
 e-mail: spimhoff@bellsouth.net
 Co-Counsel for Plaintiff

## CERTIFICATE OF SERVICE

      I hereby certify that on this July 17, 2009, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF System and certify that a true and correct copy of the foregoing Reply to Defendants' Response to Plaintiff's First Motion in Limine have this July 17, 2009 been served by e-mail upon the following:

Matt McGill
mmcgill@elpolaw.com
Charles English, Jr.
buzz@elpolaw.com
Bobby H. Richardson
bhr@rgba-law.com

                                        /s/ W. Kenneth Nevitt
                                        W. Kenneth Nevitt

PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFF'S FIRST MOTION IN LIMINE TO EXCLUDE EVIDENCE RELATING TO PLAINTIFF'S PRIOR AND SUBSEQUENT ARRESTS, IMPRISONMENTS, AND USE OF ILLEGAL DRUGS

Comes the Plaintiff, by Counsel, and for his reply to Defendants' response to Plaintiff's first motion in limine states as follows:

**(1)** Plaintiff previously requested this Court to preclude the Defendants from offering any evidence or testimony or questioning regarding Plaintiff's prior and subsequent arrests, imprisonments, and use of illegal drugs. Any such testimony would be irrelevant, not material, and any probative value would be outweighed by their prejudicial value, and or would violate the court's rules of evidence.

**A)** Defendants have responded that (1) such evidence is admissible under Federal Rule of Evidence 404(b) to prove the reasonableness of the Defendants response to Plaintiff's actions. But Rule 404(b) specifically states that "Evidence of other crimes, wrongs, or acts **is not admissible to prove the character of a person in order to show action in conformity therewith.** It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Defendants admit that there are no 6th Circuit cases on point. Defendant cites to the case of Senra v. Cunningham, 9 F. 3d 168 (1st Cir. 1993) for this proposition. In Senra, the Court allowed in evidence of a parties prior arrest for domestic disturbance which was caused by his drunken and violent conduct, in order to show that

the officers' response was reasonable. But in our case, even though it is noted that on the arrest sheet that Johnson may have been drinking, there is no evidence that he was intoxicated, no evidence that alcohol played a role in Johnson's behavior. It is the position of Plaintiff that Plaintiff's prior and subsequent arrests, imprisonments, and use of illegal drugs cannot be brought up to show a propensity by Plaintiff or the Defendants to behave on the day in question in a certain manner.

   **B)**  Defendant also states that under Federal Rule of Evidence 609, Defendant can bring to the jury's attention any of Plaintiff's serious convictions in the past ten years, and any convictions beyond this period which involved untruthfulness.

Rule 609. states as follows:

> (a) General rule. For the purpose of attacking the character for truthfulness of a witness,
>    (1) evidence that a witness other than an accused has been convicted of a crime shall be admitted, subject to Rule 403, if the crime was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted, and evidence that an accused has been convicted of such a crime shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused; and
>    (2) evidence that any witness has been convicted of a crime shall be admitted regardless of the punishment, if it readily can be determined that establishing the elements of the crime required proof or admission of an act of dishonesty or false statement by the witness.
>
> (b) Time limit. Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date, unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect. However, evidence of a conviction more than 10 years old as calculated herein, is not admissible unless the proponent gives to the adverse party sufficient advance written notice of intent to use such evidence to provide the adverse party with a fair opportunity to contest the use of such evidence.

 Plaintiff states that any such testimony would be prejudicial to Plaintiff, and the

prejudice would outweigh any probative value of any such convictions. The Court in <u>Diggs v Lyons</u>, 741 F2d 577 (CA3 Pa, 1984) stated that the admission of defendant's prior felony convictions for the past ten years last are admissible on issue of credibility, except that in cases of possible prejudice, the prejudice is to be weighed against probative value of the convictions, since otherwise, judges have no discretion under Federal Rule of Evidence over admission of such evidence. In our case Plaintiff was apparently convicted in 1999 on an assault 4th charge, after an altercation with two men with a knife. Plaintiff states that to allow Defendant to go into such details would be extremely prejudicial to plaintiff's case, the jury perhaps concluding that Plaintiff's behavior ten years ago is in conformity with the Defendants' position as to what occurred on March 14, 2007. The better practice would be for the Judge to allow Defendants to simply have Plaintiff admit that he has been convicted of a felony.

  **C)**  Defendant states that Defendant should be able to bring up such prior acts also under Federal Rule of Evidence 608(b), to impeach Plaintiff regarding prior acts relating to truthfulness. Rule 608(b) states:

 Specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' character for truthfulness, other than conviction of crime as provided in rule 609, may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning the witness' character for truthfulness or untruthfulness, or (2) concerning the character for truthfulness or untruthfulness of another witness as to which character the witness being cross-examined has testified.

Defendants have not pointed to any specific such prior bad acts which they believe would fit this Rule, other than Defendants allegation that Plaintiff was arrested previously and Plaintiff gave a police officer a false name and/or address. Counsel for Plaintiff is not aware of the specifics regarding this allegation, but states that apparently, according to

Defendant, Plaintiff was not convicted of giving a false name or address, and that such testimony would be prejudicial, confusing to the jury, and irrelevant.

**D)** Lastly, Defendant Bryan testified by trial deposition previously that he "could have" wrote down Plaintiff's weight on his forms **based upon information gained from prior arrests**. It is the position of plaintiff that this testimony is speculative and not based upon fact, confusing, and prejudicially refers to prior incarceration of Plaintiff, and should be stricken from the deposition.

Wherefore, it is the position of Plaintiff that Plaintiff's prior and subsequent arrests, imprisonments, and use of illegal drugs cannot be brought up to show a propensity by Plaintiff or the Defendants to behave on the day in question in a certain manner, and that this Court should limit the testimony regarding any prior acts to only a statement that plaintiff has been convicted of a felony.

**(2)** Defendant Bryan also testified that Mr. Johnson could not have been charged with any alcohol charges because Mr. Johnson was on private property when he was arrested. It is the position of Plaintiff that this statement should be stricken from the record, due to this witness not being qualified to testify as to what the elements of criminal charges are, the witness not being a police officer. Defendants have responded that since Bryan is a law enforcement officer, he should be allowed to testify as to the elements of criminal charges. But Bryan is a deputy jailer, not a police officer. As the Court noted in <u>Halcomb v. Washington</u>, 526 F. Supp. 2d 24, (District of Columbia, 2007), such opinions would be outside Mr. Bryan's areas of expertise and therefore neither reliable nor helpful to the trier of fact.

Respectfully submitted,

 /s/  W. KENNETH NEVITT
W. KENNETH NEVITT
NEVITT LAW OFFICE
Counsel for Plaintiff
2843 Brownsboro Road, Suite 206
Louisville, KY  40206
Telephone: (502) 895-2454
Facsimile:  (502) 896-2454
e-mail: kennevitt@hotmail.com
Co-Counsel for Plaintiff

 /s/ Stephen P. Imhoff_____
Stephen P. Imhoff
2843 Brownsboro Rd., Suite 101
Louisville, KY 40206
Telephone: (502) 899-2414
Facsimile:  (502) 899-2415
e-mail: spimhoff@bellsouth.net
Co-Counsel for Plaintiff