**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CASE NO.: 1:08-CV-00038**

**MARLON JOHNSON**                                                                                        **PLAINTIFF**

**v.**

**WILLIAM BAKER, ET AL.**                                                                           **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court upon Plaintiff's Motion in Limine to Exclude Evidence Relating to Plaintiff's Prior and Subsequent Arrests, Imprisonments, and Use of Illegal Drugs (Docket #23). Defendants have responded (Docket #28). Plaintiff has replied (Docket #37). Upon the Court's order, Defendants have provided Notification of Evidence that They Intend to Offer Relating to the Plaintiff's Prior Convictions, Arrests, Alcohol Abuse and Drug Use (Docket #55). Plaintiff has filed a Supplemental Reply (Docket #56). Upon the Court's order, Defendants have provided additional information (Docket #62). This matter is now ripe for adjudication. For the following reasons, Plaintiff's Motion in Limine is GRANTED IN PART and DENIED IN PART.

**BACKGROUND**

On or about March 14, 2007, Plaintiff Marlon Johnson was arrested for criminal trespass and transported to Warren County Regional Jail. Defendants William Baker, Brandon Bryan, Brandon Herrington, Tommy Hurst, and Rodney Seiler were employees of the Warren County Regional Jail at the time of the arrest. Plaintiff alleges that, while at the jail, Defendants assaulted him and used excessive force against him. Plaintiff further alleges that Defendants thereafter instituted improper judicial proceedings against Plaintiff by alleging two counts of

assault and one count of terroristic threatening.  Plaintiff was acquitted by a jury of these charges on July 13, 2007.

On March 11, 2008, Plaintiff filed a complaint with this Court seeking compensatory and punitive damages for malicious prosecution, excessive use of force, and assault and battery.  A jury trial has been set for November 4, 2009.  Plaintiff has now filed a motion in limine to exclude any evidence of his prior and subsequent convictions, arrests, imprisonments, alcohol abuse and drug use.

## DISCUSSION

**I.      Plaintiff's Prior and Subsequent Convictions and Arrests**

Plaintiff's first motion argues that Defendants should not be able to admit any evidence of Plaintiff's prior and subsequent arrests, convictions, or imprisonments because such evidence would be irrelevant, immaterial, and it is more prejudicial than probative under Federal Rule of Evidence 403.  Defendants intend to offer evidence of Plaintiff's criminal history, including: 1998 conviction for 1st degree possession of cocaine, 1999 conviction for probation violation, 1999 conviction for aggravated assault - 4th degree, 1999 conviction for assault under extreme emotional disturbance, and a 1996 felony conviction in Florida for possession of a concealed deadly weapon. In addition, Defendants seek to admit Plaintiff's prior arrest for giving a false name and date of birth to a police officer.  Defendants argue that this evidence is admissible under Federal Rules of Evidence 404(b), 609(a), and 608(b).  Defendants also stress the importance of introducing this evidence to impeach Plaintiff's credibility, and assert that the evidence is directly relevant to the reasonableness of Plaintiff's actions on the night of his arrest.

*A.     Standard*

Under the Federal Rules of Evidence, "[a]ll relevant evidence is admissible" but "[e]vidence which is not relevant is not admissible." Fed. R. Evid. 402. Evidence is considered relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Even if evidence is relevant it may be excluded "if its probative value is substantially outweighed by the danger of undue prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence." Fed. R. Evid. 403. "District courts are given broad discretion in making a Rule 403 determination." *U.S. v. Bonds*, 12 F.3d 540, 567 (1993). "Unfair prejudice does not mean the damage to a [party]'s case that results from the legitimate probative force of the evidence; rather it refers to evidence which tends to suggest [a] decision on an improper basis." *United States v. Newsom*, 452 F.3d 593, 603 (6th Cir. 2006) (quoting *Bonds*, 12 F.3d at 567).

Evidence of other crimes or bad acts is not admissible "to prove the character of a person in order to show action in conformity therewith," although such evidence may be admissible for other purposes, including motive, intent, and knowledge. Fed. R. Evid. 404(b). Therefore, the evidence must be probative of a material issue other than character. *United States v. Hardy*, 228 F.3d 745, 750 (6th Cir. 2000) (citing *Huddleston v. United States*, 485 U.S. 681, 686 (1988)). A three-step process exists for determining whether other crimes, wrongs, or acts are admitted under Rule 404(b):

> First, the district court must make a preliminary determination regarding whether there is sufficient evidence that the "other acts" took place. The district court must then determine whether those "other acts" are admissible for a proper purpose under Rule 404(b). Finally, the district court must determine whether the

"other acts" evidence is more prejudicial than probative.

*United States v. Lattner*, 385 F.3d 947, 955 (6th Cir. 2004).  Once evidence is admitted under Rule 404(b), the Court must give a limiting instruction to the jury.  *U.S. v. Bell*, 516 F.3d 432 (6th Cir. 2008).

Federal Rule of Evidence 609(a) allows for impeachment of witnesses by evidence of a conviction of a crime.  Rule 609(a)(1) states:

> [E]vidence that a witness other than an accused has been convicted of a crime shall be admitted, subject to Rule 403, if the crime was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted . . . .

Fed. R. Evid. 609(a)(1).  In addition, evidence that a witness has been convicted of any crime is admissible if it can be shown that proving the elements of the crime required evidence of the witness' character for truthfulness.  Fed. R. Evid. 609(a)(2).  Such evidence is inadmissible, however, if "more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date . . . ."  Fed. R. Evid. 609(b).  The Sixth Circuit has laid out several factors to consider when deciding whether or not to admit evidence of a prior conviction: "(1) The impeachment value of the prior crime. (2) The point in time of the conviction and the witness' subsequent history. (3) The similarity between the past crime and the charged crime. (4) The importance of the defendant's testimony. (5) The centrality of the credibility issue."  *U.S. v. Moore*, 917 F.2d 215, 234 (6th Cir. 1990) (quoting *Gordon v. United States*, 383 F.2d 936 (D.C. Cir. 1967)).

Finally, Rule 608(b) permits parties to inquire into a witness' specific instances of conduct on cross-examination, so long as no extrinsic evidence is admitted.  Fed. R. Evid. 608(b).  This questioning must be "for the purpose of attacking or supporting the witness'

character for truthfulness . . . ." *Id.* The party conducting cross-examination must accept the witness' "flat denial on its face, without seeking to introduce extrinsic evidence" to refute the witness' testimony. *U.S. v. Zidell*, 323 F.3d 412 (6th Cir. 2003).

*B.     Analysis*

The Court first addresses Plaintiff's prior convictions, and finds that these convictions are inadmissible as substantive evidence under Rule 404(b). In applying the three step analysis, the Court first notes that there is sufficient evidence to believe that these convictions took place. Defendants have produced documentation of Plaintiff's convictions, with the exception of the 1996 Florida conviction, although Plaintiff referenced this conviction in his deposition. Next, Plaintiff's conviction must be offered for a proper purpose. Defendants argue that the assault conviction should be admitted under Rule 404(b) because other Circuits have held that evidence of a plaintiff's prior convictions and bad acts is admissible where there is a claim of excessive use of force by a law enforcement official. Defendants cite to *Senra v. Cunningham*, 9 F.3d 168 (1st Cir. 1993), *Lewis v. District of Columbia*, 793 F.2d 361 (D.C. Cir. 1986), and *West v. Love*, 776 F.2d 170 (7th Cir. 1985), in support of their argument.

In *Senra*, the plaintiff had been involved in at least six incidents involving domestic disturbances due to the plaintiff's drunken and violent behavior. 9 F.3d at 171. He was arrested at his home after leaving the scene of an accident while intoxicated, and an altercation between the plaintiff and the police ensued. *Id.* at 170. The officer who testified to these acts at trial had been personally involved in responding to the incidents at the plaintiff's home. *Id.* at 171. The Court found that evidence of these prior dealings was admissible to show "the reasonableness of [the police officers'] responses, a matter quite pertinent to the undue force claim." *Id.* at 172. In

5

*West*, the Court allowed evidence that the plaintiff had been placed in a confinement unit in prison, and that this unit was "reserved for inmates with a propensity for violent behavior . . . ." 776 F.2d at 174. The incident at issue in the case occurred in that unit, and the Court found that the fact that the plaintiff was housed in the confinement unit was relevant to the issue of whether the force used by the correctional officers was reasonable under those circumstances. *Id.* Finally, in *Lewis*, the plaintiff was involved in a scuffle with police officers after he fled the scene. 793 F.2d at 363. The plaintiff had been arrested on the street on previous occasions, and the Court found this evidence was relevant to the reasonableness of the plaintiff's assertion that he did not know he was dealing with a police officer. *Id.*

Defendants offer evidence of Plaintiff's prior convictions in order to "demonstrate the reasonableness of their conduct" in defending the excessive force claim. *Senra*, 9 F.3d at 171-72. The Court, however, does not believe this argument is compelling, and finds that the sole purpose for offering evidence of Plaintiff's prior convictions is to show conformity. The Sixth Circuit has not recognized the reasoning adopted in *Senra*, *Lewis*, and *West*. In addition, these cases are distinguishable from the present case. In *Senra*, the officer testifying was personally involved in each of the six previous incidents, and the altercation between police and the plaintiff occurred at the time of arrest at the plaintiff's home. In this case, there is no evidence that Defendants had personal knowledge of Plaintiff's convictions, or that it would have affected their conduct after Plaintiff had already been arrested and taken to the jail.

In *West*, the altercation between correctional officers and the plaintiff occurred in the confinement unit, so the fact that the plaintiff was housed there was directly relevant to the circumstances. The same reasoning does not apply to this case. Finally, in *Lewis*, the plaintiff's

prior conduct was found to be relevant to the plaintiff's assertion, rather than the defendant police officers version of the story. Again, the same reasoning does not apply to the facts of this case. Defendants intend to offer Plaintiff's prior arrests and convictions to bolster their own story and whether they acted reasonably or not.

Finally, the Court must consider Rule 403's balancing test in determining if admission of Plaintiff's prior convictions would be more prejudicial than probative. The Court finds that prejudice outweighs probative value in this instance. First, the probative value of this evidence is not great. All of the convictions occurred almost a decade ago, and there is little likelihood that these convictions would have affected the officers' responses to Plaintiff when he was arrested. In addition, this evidence is prejudicial to Plaintiff in that the convictions are for assault and drugs, which conforms to the Defendants' explanation of what happened in this case, and could result in a decision on an improper basis. For the above reasons, Plaintiff's convictions are not admissible under Rule 404(b).

Plaintiff's prior convictions are also inadmissible for impeachment purposes under Rule 609(a)(1). The Court first notes that the 1996 Florida conviction occurred more than ten years ago, and Plaintiff did not serve any time. Under Rule 609(b), evidence of convictions more than ten years old are admissible only upon advance written notice, and subject to a Rule 403 balancing test. *See United States v. Huff*, 149 F.3d 1185 (6th Cir. 1998) (Table). "[C]onvictions over 10 years old will be admitted very rarely and only in exceptional circumstances." *United States v. Sims*, 588 F.2d 1145, 1148 (6th Cir. 1978) ("[Stale convictions] often shed little light on the present tendency of the witness towards truthfulness and veracity."). The Court does not believe Plaintiff's 1996 conviction falls under any "exceptional circumstances" that would

warrant its admission.

The other four felony convictions fall within the ten year limit of Rule 609(b). It is the Court's understanding that each is a felony conviction. Defendant may ask Plaintiff if he was convicted of a felony in 1998 and three felonies in 1999. Defendant may not mention the specific charges. The Court will give the standard limiting instruction:

> You have heard the testimony of Marlon Johnson. You heard he was previously convicted of a felony. These earlier convictions were brought to your attention only as one way of helping you decide how believable his testimony was. Do not use it for any other purpose. It is not evidence of anything else.

The four felony convictions are relevant to the issue of credibility. The limiting instruction is appropriate. The Court finds in this context the probative value is not outweighed by any unfair prejudice, confusion of the issues, or misleading the jury. Thus, the Court finds the evidence is appropriate under Rule 403.

Plaintiff is also alleged to have been arrested for giving a false name and address to police. This evidence is admissible for impeachment purposes only under Rule 608(b) because it speaks to prior bad acts involving Plaintiff's character for truthfulness. Defendants may therefore raise Plaintiff's prior arrest on cross-examination, but no extrinsic evidence may be produced. Fed. R. Evid. 608(b). Defendants have not alleged that they plan to introduce any of Plaintiff's other arrests, even though Defendant Bryan's deposition cites more than one arrest. If Defendants intend to offer other arrests as impeachment evidence under Rule 608(b), they must be probative of Plaintiff's character for truthfulness. Prior arrests may not be referenced generally, as in Defendant Bryan's statement.

**II.     Plaintiff's Drug and Alcohol Use**

Defendants' allege four specific instances of Plaintiff's prior drug and alcohol abuse.

The first occurred on November 14, 2007, when Plaintiff used cocaine as a substitute for pain medication, resulting in an altercation with a homeless shelter security guard and Plaintiff's hospitalization.  The second incident occurred on November 29, 2007, when Plaintiff was admitted to the hospital for an overdose of pain medication.  Third, Plaintiff admitted in his deposition that he took prescription pain medication that was not prescribed to him.  Finally, on March 11, 2008, Plaintiff was admitted to the hospital for an overdose of pain medication and alcohol.  The Court notes that all of these incidents occurred subsequent to the March 14, 2007, incident at the jail.

"As a general matter, prior drug use is not relevant to a witness's character for truthfulness." *U.S. v. Holden*, 557 F.3d 698 (6th Cir. 2009) (citing *United States v. March*, 114 Fed. Appx. 671, 674 (6th Cir. 2004)).  Therefore, evidence of Plaintiff's prior drug and alcohol use is inadmissible for impeachment purposes under Rule 608(b).  In addition, none of these acts resulted in a conviction, so they are inadmissible under Rule 609(a)(1).  If Defendants intend to offer this evidence to demonstrate Plaintiff's drug habit, it constitutes inadmissible character evidence under Rule 404(b).  Moreover, because these acts occurred *after* Johnson's altercation at the jail and do not weigh on his truthfulness, the Court fails to see how these instances of drug use are relevant to the present case.  Drug use may be admissible to impeach the credibility of a witness, but this is generally only allowed when there is reason to believe the witness is under the influence either at the time of testifying, or at the time the events testified to took place.  *See e.g.*, *Wilson v. United States*, 232 U.S. 563, 567-68 (1914); *United States v. Hoffa*, 349 F.2d 20, 47 (6th Cir. 1965).  Neither issue is present here.  Therefore, the Court finds that the four prior acts of drug use proffered by Defendants are inadmissible.

**III.     Statements from Deposition of Defendant Brandon Bryan**

Plaintiff also argues in his first motion that two of Defendant Brandon Bryan's statements from his deposition testimony should be stricken. In the first statement, Defendant Bryan references Plaintiff's prior arrests. This issue has already been addressed in the first section of this opinion, and Defendant Bryan's statement may not be read or shown to the jury. Defendant Bryan also testified in his deposition that Plaintiff could not have been charged with any alcohol charges at the time of his arrest because he was on private property. Plaintiff argues that Defendant Bryan is not qualified to testify as to the elements of a crime because Defendant Bryan is a jailer, not a police officer. Defendants assert that Defendant Bryan's statement should not be stricken from the record because a deputy jailer, like a police officer, is a law enforcement official.

The Court does not believe the distinction between a police officer and a jailer is pertinent to this issue. Instead, the Court finds that testimony as to legal conclusions and elements of a cause of action is generally inadmissible. *See, e.g.*, *Shahid v. City of Detroit*, 889 F.2d 1543, 1547-48 (6th Cir. 1989); *Suter v. General Acc. Ins. Co. of America*, 424 F. Supp. 2d 781, 791 (D.N.J. 2006); *Meehan v. Michigan Bell Telephone Co.*, 436 N.W.2d 711, 719 (Mich. Ct. App. 1989). Therefore, the Court finds that Defendant Bryan's statement was improper and is inadmissible.

## CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's Motion in Limine is **GRANTED IN PART** and **DENIED IN PART.**