UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CASE NO.: 1:08-CV-00038

**MARLON JOHNSON**                                                                            **PLAINTIFF**

**v.**

**WILLIAM BAKER, ET AL.**                                                                  **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

This matter is before the Court upon Plaintiff's Fourth, Fifth, Sixth, and Seventh Motions in Limine (Docket #51, 53, 54, 58). Defendants have responded (Docket #61, 63, 65, 66). Plaintiff has not replied. This matter is now ripe for adjudication. For the following reasons, Plaintiff's Motions in Limine are DENIED.

### BACKGROUND

On or about March 14, 2007, Plaintiff Marlon Johnson was arrested for criminal trespass and transported to Warren County Regional Jail. Defendants William Baker, Brandon Bryan, Brandon Herrington, Tommy Hurst, and Rodney Seiler were employees of the Warren County Regional Jail at the time of the arrest. Plaintiff alleges that, while at the jail, Defendants assaulted him and used excessive force against him. Plaintiff further alleges that Defendants thereafter instituted improper judicial proceedings against Plaintiff by alleging two counts of assault and one count of terroristic threatening. Plaintiff was acquitted by a jury of these charges on July 13, 2007.

On March 11, 2008, Plaintiff filed a complaint with this Court seeking compensatory and punitive damages for malicious prosecution, excessive use of force, and assault and battery. A jury trial has been set for November 4, 2009. Plaintiff has now filed four motions in limine. The

Court will address each motion separately.

## STANDARD

Under the Federal Rules of Evidence, "[a]ll relevant evidence is admissible" but "[e]vidence which is not relevant is not admissible." Fed. R. Evid. 402. Evidence is considered relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Even if evidence is relevant it may be excluded "if its probative value is substantially outweighed by the danger of undue prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence." Fed. R. Evid. 403. "District courts are given broad discretion in making a Rule 403 determination." *U.S. v. Bonds*, 12 F.3d 540, 567 (1993). "Unfair prejudice does not mean the damage to a [party]'s case that results from the legitimate probative force of the evidence; rather it refers to evidence which tends to suggest [a] decision on an improper basis." *United States v. Newsom*, 452 F.3d 593, 603 (6th Cir. 2006) (quoting *Bonds*, 12 F.3d at 567).

Evidence of other crimes or bad acts is not admissible "to prove the character of a person in order to show action in conformity therewith," although such evidence may be admissible for other purposes, including motive, intent, and knowledge. Fed. R. Evid. 404(b). Therefore, the evidence must be probative of a material issue other than character. *United States v. Hardy*, 228 F.3d 745, 750 (6th Cir. 2000) (citing *Huddleston v. United States*, 485 U.S. 681, 686 (1988)). A three-step process exists for determining whether other crimes, wrongs, or acts are admitted under Rule 404(b):

> First, the district court must make a preliminary determination regarding whether there is sufficient evidence that the "other acts" took place. The district court

> must then determine whether those "other acts" are admissible for a proper purpose under Rule 404(b). Finally, the district court must determine whether the "other acts" evidence is more prejudicial than probative.

*United States v. Lattner*, 385 F.3d 947, 955 (6th Cir. 2004). Once evidence is admitted under Rule 404(b), the Court must give a limiting instruction to the jury. *U.S. v. Bell*, 516 F.3d 432 (6th Cir. 2008).

Federal Rule of Evidence 609(a) allows for impeachment of witnesses by evidence of a conviction of a crime. Rule 609(a)(1) states:

> [E]vidence that a witness other than an accused has been convicted of a crime shall be admitted, subject to Rule 403, if the crime was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted . . . .

Fed. R. Evid. 609(a)(1). In addition, evidence that a witness has been convicted of any crime is admissible if it can be shown that proving the elements of the crime required evidence of the witness' dishonesty. Fed. R. Evid. 609(a)(2). Such evidence is inadmissible, however, if "more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date . . . ." Fed. R. Evid. 609(b). The Sixth Circuit has laid out several factors to consider when deciding whether or not to admit evidence of a prior conviction: "(1) The impeachment value of the prior crime. (2) The point in time of the conviction and the witness' subsequent history. (3) The similarity between the past crime and the charged crime. (4) The importance of the defendant's testimony. (5) The centrality of the credibility issue." *U.S. v. Moore*, 917 F.2d 215, 234 (6th Cir. 1990) (quoting *Gordon v. United States*, 383 F.2d 936 (D.C. Cir. 1967)).

Finally, Rule 608(b) permits parties to inquire into a witness' specific instances of conduct on cross-examination, so long as no extrinsic evidence is admitted. Fed. R. Evid.

608(b). This questioning must be "for the purpose of attacking or supporting the witness' character for truthfulness . . . ." *Id.* The party conducting cross-examination must accept the witness' "flat denial on its face, without seeking to introduce extrinsic evidence" to refute the witness' testimony. *U.S. v. Zidell*, 323 F.3d 412 (6th Cir. 2003).

## DISCUSSION

### I.   David Smith's Conduct

Plaintiff intends to offer the testimony of David Smith, an inmate at the Warren County Jail at the time the jail altercation at issue occurred. Plaintiff argues that evidence or testimony regarding Smith's conduct while in the Warren County Jail should be excluded. In addition, Plaintiff wishes to preclude Defendants from offering evidence that Smith escaped from jail in October of 2006 and allegedly swallowed cocaine during that time period. In support of his argument, Plaintiff asserts that this evidence is irrelevant, immaterial, prejudicial, and violates Federal Rules of Evidence 404 and 609.

Defendants make several arguments for the inclusion of evidence regarding David Smith's conduct. First, Smith's conduct while in jail from March 13 to March 14, 2007, should be admissible because it is relevant to Smith's state of mind and credibility. Next, Defendants believe that Smith's conduct is admissible to show bias towards the jail staff, in particular towards Defendants Baker and Bryan. Finally, Defendants assert that they may inquire as to Smith's swallowing cocaine to deceive police because it weighs on his character for truthfulness, and is thus a proper form of impeachment under Rule 608(b).

While Smith was in jail from March 13 to March 14, 2007, he reported that he was hearing voices telling him to hurt himself or someone else. He was moved to the medical cell

and placed on suicide watch. During that time he was placed in restraints. Defendants contend that this evidence should be admissible because it weighs on Smith's credibility as a witness. The credibility of a witness is always relevant evidence under Federal Rule of Evidence 608. *United States v. Vandetti*, 623 F.2d 1144, 1150 (6th Cir. 1980). The Sixth Circuit has held that mental illness may be relevant to a witness' credibility, and it is within the Court's broad discretion to determine its admissibility. *Boggs v. Collins*, 226 F.3d 728, 742 (6th Cir. 2000). The Court should consider such factors as "the nature of the psychological problem, the temporal recency or remoteness of the condition, and whether the witness suffered from the condition at the time of the events to which she is to testify." *Id.* Other Circuits have held that evidence of mental instability or illness is relevant when there is "a pronounced disposition to lie or hallucinate . . . that dramatically impaired [the witness'] ability to perceive and tell the truth," *United States v. Butt*, 955 F.2d 77, 82-83 (1st Cir. 1992), or "when it may reasonably cast doubt on the ability or willingness of a witness to tell the truth." *United States v. Smith*, 77 F.3d 511, 516 (D.C. Cir. 1996).

      This Court finds the nature of Smith's psychological problem, in that he was suicidal and hearing voices, may have impaired Smith's ability to perceive the events on the night in question. Moreover, the Court notes the temporal recency of Smith's condition, in that Smith suffered these symptoms on the same night of the events to which Smith intends to testify. While suicidal tendencies might not be enough to cast doubt on Smith's ability to tell truth from lies, *see Butt*, 955 F.2d at 83, these tendencies were coupled with Smith's claims that he heard voices telling him to hurt himself or others. This is relevant to Smith's mental condition at the time Plaintiff was brought into the jail, and therefore, relevant to Smith's credibility as a witness.

Smith's mental condition from March 13 to March 14, 2007, is admissible for impeachment purposes.

While Smith was in jail, he was involved in several disciplinary incidents, some of which included Defendants Baker and Bryan. Defendants assert that these incidents should be admissible to show Smith's bias towards the jail staff in general, and towards Baker and Bryan specifically. The United States Supreme Court has held that bias is always relevant to a witness' credibility. *Davis v. Alaska*, 415 U.S. 308, 316 (1974). Cross-examination as to bias or motive is a constitutionally protected right. *Id.*; *Wilson v. Parker*, 515 F.3d 682, 702 (6th Cir. 2008). In addition, "prior misconduct of a witness which is probative of the bias of that witness may be proved by extrinsic evidence." *United States v. Phillips*, 888 F.2d 38, 41 (6th Cir. 1989); *United States v. Meyer*, 803 F.2d 246, 249 (6th Cir. 1986) (Extrinsic evidence is admissible when it "relates to beliefs of the witness or to preexisting relationships between the witness and the defendant which are of a nature likely to result in bias."). The evidence relating to Smith's prior incidents in the jail reflects directly on Smith's preexisting relationship with the jail staff and Defendants Baker and Bryan. The Court believes it is relevant to Smith's credibility, and is therefore admissible.

The fact that Smith swallowed cocaine to deceive police officers is admissible under Federal Rule of Evidence 608(b). It is probative of Smith's character for truthfulness. Smith's conduct in this situation may only be inquired into upon cross-examination, and is admissible solely for impeachment purposes. Fed. R. Evid. 608(b). Extrinsic evidence, such as the Warren County Regional Jail incident report, may not be introduced to prove the events took place. The Court believes that the prejudicial value of this evidence which implies the witness is a drug user

outweighs the probative value of impeaching the witness' character for truthfulness. Therefore, Defendants shall inquire only whether Smith has lied or deceived police officers. Defendants shall not inquire about the contents of those lies or deceptions.

For the foregoing reasons, Plaintiff's motion is denied.

## II.     Video of Plaintiff Exercising

Plaintiff wishes to exclude evidence or testimony relating to his recent exercise activities at the Fitness Center in Bowling Green, Kentucky. Defendants have video tape evidence of Plaintiff exercising in August and September of 2009. Plaintiff argues that this evidence is unfairly prejudicial and will lead to a confusion of the issues and waste of time because no doctor will testify that Plaintiff should not be exercising. Defendants counter that this evidence is relevant to Plaintiff's claims for compensatory damages, in which Plaintiff claims he has sustained back, neck and shoulder injuries that prevent him from working. In addition, Defendants argue that this evidence serves to refute the testimony of Plaintiff's expert Dr. Jules Barefoot, whose testimony has put Plaintiff's physical condition at issue in the case.

The Court believes the video of Plaintiff exercising is relevant to Plaintiff's physical condition, especially if Plaintiff is seeking damages for any present suffering or lost wages. Plaintiff's complaint states that Plaintiff seeks compensatory damages resulting from the injuries he sustained on March 14, 2007, and Plaintiff's deposition implies that he continues to suffer pain and is unable to work. Plaintiff puts his physical condition at issue in his deposition and through the testimony of Dr. Barefoot. Defendants have a right to refute the testimony given by Dr. Barefoot at trial. The Court does not believe that any prejudice would outweigh this evidence's probative value. Therefore, Plaintiff's motion is denied.

**III.     David Smith's Felony Convictions**

According to Plaintiff's motion, David Smith has been convicted of various felony charges within the past ten years, including possession of drugs, wanton endangerment, possession of forged instruments, escape, fleeing police, and criminal mischief. Plaintiff moves to exclude any evidence of witness David Smith's felony convictions, or at least to have Smith merely stipulate that he has been convicted of felonies. Plaintiff argues that this is inadmissible character evidence, irrelevant, immaterial, and prejudicial.

Defendants argue that Smith's credibility will be directly at issue at trial, and his convictions are admissible under Rule 609(a)(1) and (2) for purposes of impeachment. Under Rule 609(a)(2), Defendants plan to introduce Smith's convictions for possession of a forged instrument, theft by deception, and escape, arguing that all of these convictions relate to Smith's character for truthfulness. The rest of Smith's convictions, nine total from 2002 to 2006, Defendants intend to introduce under Rule 609(a)(1) as felony convictions to impeach Smith's credibility.

David Smith's prior convictions are admissible for purposes of impeachment under Federal Rules of Evidence 609(a)(1) and (2). First, Smith's convictions for possession of a forged instrument and theft by deception clearly involve elements requiring "proof or admission of an act of dishonesty or false statement by the witness." Fed. R. Evid. 609(a)(2). These convictions are admissible regardless of their prejudicial effect. *See Patterson v. County of Wayne*, 2009 WL 2778075, *3 (E.D. Mich. Aug. 28, 2009). However, the elements of escape do not involve proof of an act of dishonesty or false statements. *Id.* at *4. This conviction is therefore considered with the remaining convictions under Rule 609(a)(1).

Defendants may introduce Smith's ten prior felony convictions (including the escape conviction) for impeachment purposes under Rule 609(a)(1).  However, Defendants may not name the specific convictions.  All of these convictions have occurred within the past ten years and, therefore, fall within the time limit prescribed by Rule 609(b).  Moreover, the Court does not believe that the prejudicial effect of introducing these convictions outweighs their probative value.  Because this case depends greatly on the credibility of witnesses, the probative value is high, and the evidence is admissible.  Plaintiff's motion is denied.

**IV.     View from Jail Cell**

Plaintiff asks the Court to preclude Defendants from offering testimony or evidence regarding what can or cannot be seen from the Warren County Jail cells.  Plaintiff bases this argument on his prior motion to allow the jurors to view the jail, which was unopposed by Defendants.  Plaintiff argues that the jurors can view for themselves what can or cannot be seen from a jail cell when they visit the jail.  Defendants counter that their witnesses are deputy jailers who will offer testimony as to David Smith's physical location at the jail on the night in question.  In addition, Defendants will introduce pictures which show flaps covering the windows to the detox cells where David Smith was located.  This evidence, Defendants assert, will demonstrate that it would have been difficult for Smith to see anything from his cell on the night in question.

In a prior Memorandum Opinion and Order, this Court denied Plaintiff's motion to allow the jurors to view the Warren County Jail.  Therefore, Plaintiff's argument is irrelevant to the present circumstances.  In addition, the evidence Defendants intend to produce is relevant to the credibility of witness David Smith, and does not present any prejudicial problems.  Plaintiff is

9

welcome to introduce his own evidence regarding the layout of the jail and David Smith's physical location. Therefore, Plaintiff's motion is denied.

## CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's Motions in Limine are **DENIED.**