UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CASE NO.: 1:08-CV-00038

**MARLON JOHNSON**                                                                                          **PLAINTIFF**

**v.**

**WILLIAM BAKER, ET AL.**                                                                              **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon Defendants' Motion in Limine to Exclude David Smith's Testimony (Docket #67). Plaintiff has responded (Docket #68). Defendants have replied (Docket #73). This matter is now ripe for adjudication. For the following reasons, Defendants' Motion in Limine is GRANTED IN PART and DENIED IN PART.

## BACKGROUND

On or about March 14, 2007, Plaintiff Marlon Johnson was arrested for criminal trespass and transported to Warren County Regional Jail. Defendants William Baker, Brandon Bryan, Brandon Herrington, Tommy Hurst, and Rodney Seiler were employees of the Warren County Regional Jail at the time of the arrest. Plaintiff alleges that, while at the jail, Defendants assaulted him and used excessive force against him. Plaintiff further alleges that Defendants thereafter instituted improper judicial proceedings against Plaintiff by alleging two counts of assault and one count of terroristic threatening. Plaintiff was acquitted by a jury of these charges on July 13, 2007.

On March 11, 2008, Plaintiff filed a complaint with this Court seeking compensatory and punitive damages for malicious prosecution, excessive use of force, and assault and battery. A jury trial has been set for November 4, 2009. Plaintiff intends to call witness David Smith at

trial. David Smith was an inmate at the Warren County Jail when the incident at issue occurred. At Plaintiff's criminal trial in July of 2007, Smith testified that he overheard the altercation between Plaintiff and Defendants because he was located in an adjacent jail cell at that time. He also testified that an unknown deputy had told him that "they," someone "on high," would make his stay in jail "a living hell" if Smith were to testify against the jail. The identities of the deputy and his superior were unknown to Smith at Plaintiff's criminal trial. At his deposition, Smith identified the deputy who threatened him as Defendant Baker. In addition, Smith claimed he received a phone call at Daviess County Jail in August or September of 2009, in which the caller threatened future action against Smith if he testified in the present civil case. Defendants now move to preclude Smith from testifying as to the alleged threats.

## STANDARD

Under the Federal Rules of Evidence, "[a]ll relevant evidence is admissible" but "[e]vidence which is not relevant is not admissible." Fed. R. Evid. 402. Evidence is considered relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Even if evidence is relevant it may be excluded "if its probative value is substantially outweighed by the danger of undue prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence." Fed. R. Evid. 403. "District courts are given broad discretion in making a Rule 403 determination." *U.S. v. Bonds*, 12 F.3d 540, 567 (1993). "Unfair prejudice does not mean the damage to a [party]'s case that results from the legitimate probative force of the evidence; rather it refers to evidence which tends to suggest [a] decision on an improper basis." *United States v.*

*Newsom*, 452 F.3d 593, 603 (6th Cir. 2006) (quoting *Bonds*, 12 F.3d at 567).

Hearsay evidence is inadmissible unless it falls within one of the many exceptions outlined in Federal Rules of Evidence 803 and 804.  Fed. R. Evid. 802.  Hearsay is defined as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."  Fed. R. Evid. 801(c).  The purpose of the hearsay rule is to ensure reliability and preserve the opportunity for cross-examination.  2 *McCormick on Evidence*, § 245 (6th ed. 2006).  Hearsay within hearsay is excluded unless "each separate hearsay component conforms to an exception to the hearsay rule."  *Shell v. Parrish*, 448 F.2d 528, 533 (6th Cir. 1971); Fed. R. Evid. 805.

## DISCUSSION

**I.     Defendant Baker's Threats Prior to the Criminal Trial**

In Smith's deposition, he testified that Defendant Baker told him "it came from a higher power that if I came in and testified against the Jail, and got anybody in trouble, that they was going to make my stay here a quote unquote living hell."  Defendants argue that this statement is inadmissible hearsay within hearsay, irrelevant, prejudicial, and lacking in guarantees of trustworthiness.

The Court has addressed the hearsay within hearsay argument in a prior Order, finding that the threatening remarks are not hearsay because they are not offered for the truth of the matter asserted.  In other words, it does not matter if Defendant Baker's threats from "a higher power" would have been carried out, or whether Defendants actually intended to make Smith's stay a "living hell."  Therefore, Defendants' hearsay within hearsay argument is unpersuasive. In addition, the Court does not believe that Defendants' argument that Smith's testimony lacks

guarantees of trustworthiness is proper in this case. Defendants cite to *United States v. Tocco*, 200 F.3d 401, 416 (6th Cir. 2000) (quoting *United States v. Lilly*, 527 U.S. 116, 133-35 (1999)), for the proposition that an accomplice's out-of-court statements which inculpate a defendant are inadmissible unless they "bear 'particularized guarantees of trustworthiness.'" *Id.* Again, this argument depends on the statements being hearsay, which is not an issue in this case.

The Court finds that this evidence is relevant to the present case. The statements were allegedly made by Defendant Baker to Smith before Plaintiff's criminal trial of assault and terroristic threatening. If made, regardless of the truth of the material, the statements could certainly be perceived as a threat not to testify. A threat by a defendant in this situation to not testify can be perceived as an admission of conduct or an attempt to hide certain conduct. It could be perceived as conduct to prevent the jury from hearing Smith's testimony regarding who assaulted whom. Consequently, it is possible the alleged threat has a bearing on Plaintiff's claim of excessive force.

Certainly, Defendant Baker's alleged threats are relevant to Plaintiff's claim for malicious prosecution. To establish a claim for malicious prosecution, Plaintiff must show:

> (1) the institution or continuation of judicial proceedings, (2) by or at the instance of the defendant, (3) the termination of such proceedings in the plaintiff's favor, (4) malice in the institution of the proceedings, (5) the absence or lack of probable cause for the proceeding, and (6) that damages resulted.

*Fox v. DeSoto*, 489 F.3d 227, 237 (6th Cir. 2007) (citing *Raine v. Drasin*, 621 S.W.2d 895, 899 (Ky. 1981)) (emphasis removed). Defendant Baker's threats are relevant to the fourth requirement, that Defendants acted with malice in instituting the proceedings. Malice is defined as "the intentional doing of a wrongful act to the injury of another, with an evil or unlawful motive or purpose." *Stearns Coal Co. v. Johnson*, 37 S.W.2d 38, 40 (Ky. 1931); *Louisville &*

4

*N.R. Co. v. Owens*, 175 S.W. 1039, 1042 (Ky. 1915).  Evidence of threatening a witness has been found admissible as probative of a defendant's state of mind.  *United States v. Mickens*, 926 F.2d 1323, 1329 (2d Cir. 1991).  Federal Rule of Evidence 404(b) allows evidence of other crimes, wrongs, or acts as proof of motive.  In addition, wrongdoing may be perceived as an admission by conduct:

> [A] party's falsehood or other fraud in the preparation and presentation of his cause, his fabrication or suppression of evidence by bribery or spoliation, is receivable against him as an indication of his consciousness that his case is a weak or unfounded one; and from that consciousness may be inferred the fact itself of the cause's lack of truth and merit.

*Tamme v. Commonwealth of Kentucky*, 973 S.W.2d 13, 30-31 (Ky. 1998) (quoting *McQueeney v. Wilmington Trust Co.*, 779 F.2d 916, 921 (3d Cir. 1985)).  The Court believes that Defendant Baker's statements are relevant to proving Defendants' improper motive or purpose for instituting a suit against the Plaintiff.  Defendant Baker's threats occurred prior to Plaintiff's criminal trial and related directly to Smith's potentially exculpatory testimony.  The Court does not believe it is a stretch to infer that Defendant Baker had no reason to threaten a witness unless he feared the criminal case was weak or unfounded.

Moreover, the probative value of Smith's testimony is not outweighed by its prejudicial effect.  Defendants assert that admitting Defendant Baker's threats will cause an improper inference of guilt or an assumption that Defendants were trying to cover up their wrongdoing.  The probative value of this evidence, however, greatly outweighs this potential prejudice.  The malice requirement demands that Plaintiff show improper motive or purpose on the part of Defendants.  Defendant Baker's threats, whether true or not, serve as potential evidence of that improper motive.  Therefore, this evidence is admissible.  The Court will give a limiting

instruction as follows:

> You have heard the testimony of David Smith where he stated that William Baker told him that "they," someone "on high," would make his stay in jail "a living hell" if Smith were to testify against the jail in Johnson's criminal trial. This is not being introduced for the truthfulness of the statement. Any such statement is not evidence of anything done by an alleged higher power. The statement is evidence only of the fact that David Smith testified this is what William Baker told him. You will determine whether Mr. Baker made or did not make this statement.

The parties are invited to file separate limiting instructions for the Court's consideration.

## II.     Unknown Caller's Threats Prior to the Civil Trial

Smith also testified at his deposition that in August or September of 2009 he received an anonymous phone call from someone claiming to represent the jailers in the present lawsuit. The caller threatened to make sure he violated his probation if he testified against the jailers in this case. Defendants argue that this evidence is inadmissible hearsay. The Court declines to address the hearsay argument because the evidence is irrelevant to the present action. Unlike Defendant Baker's threats which occurred prior to the criminal trial, these anonymous threats occurred less than three months ago. Plaintiff was acquitted of the criminal charges in July of 2007. Therefore, these threats are too attenuated from the criminal action to be considered relevant to the issue of malice. Moreover, these threats do not weigh on any other issue in the present case. Therefore, this evidence is inadmissible.

## CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendants' Motion in Limine is **GRANTED IN PART** and **DENIED IN PART.**